IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| SARA RAIHANOUNE, | ) |
| *Plaintiff,* | ) ) ) |
| v. | ) Case No. 1:24-cv-219 (PTG/IDD) |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES *et al.*, | ) ) ) ) |
| *Defendants.* | ) ) |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendants' Motion to Dismiss for Failure to State a Claim (Dkt. 16), Motion for Summary Judgment (Dkt. 17), and Motion to Dismiss for Lack of Jurisdiction (Dkt. 15) (collectively "Motions"). Plaintiff Sara Raihanoune has filed this civil action seeking mandamus relief under the Administrative Procedure Act ("APA") or Mandamus Act to compel United States Citizenship and Immigration Services ("USCIS"), United States Department of State ("DOS"), U.S. Consulate Casablanca, Morocco, USCIS Director Ur Mendoza Jaddou, United States Secretary of State Antony J. Blinken, and Consul General of the United States at the U.S. Consulate in Casablanca, Morocco (collectively "Defendants") to act on her husband Marounane Charif's visa application. Dkt. 1 ("Compl."). In sum, Plaintiff alleges that she has a constitutional due process right in the adjudication of her husband's visa application, and Defendants' delay and failure to act on the application violates that right. *See id.* ¶¶ 38-39. Relatedly, Plaintiff asserts that Defendants are obligated to adjudicate her spouse's visa application. *See id.* ¶¶ 23-24.

Defendants have filed motions to dismiss for failure to state a claim and for lack of subject matter jurisdiction as well as a motion for summary judgment. Dkts. 15-17. Defendants contend that Plaintiff's APA claims are either barred by the doctrine of consular non-reviewability or that

the Court lacks jurisdiction over the claim because Plaintiff cannot establish a clear, non-discretionary duty for Defendants to act. Defendants also assert that Plaintiff has not stated a cognizable due process claim. *See* Dkt. 18 at 1-2. For the reasons that follow, Defendants' Motion to Dismiss for Failure to State a Claim (Dkt. 16) and Motion to Dismiss for Lack of Jurisdiction (Dkt. 15) are granted, and Defendants' Motion for Summary Judgment (Dkt. 17) is denied as moot.

I. **Background**

The following facts, taken from Plaintiff's Complaint, are accepted as true for the purposes of this Motion:[1]

Plaintiff Sara Raihanoune is a United States citizen. *See* Compl. ¶ 1. She is married to Marounane Charif, a Moroccan citizen currently residing in Morocco. *See id.* ¶ 2. On August 3, 2022, Plaintiff filed Mr. Charif's visa petition with USCIS. *Id.* ¶ 15. In May 2023, USCIS approved his petition and transferred his case to the DOS. *Id.* ¶¶ 17-18. In July 2023, Mr. Charif appeared for his consular interview. *Id.* ¶ 19. After the interview, the consular officer asked Mr. Charif to submit a Form DS-5535.[2] *Id.* Since then, the Complaint alleges "the agency has not taken any further action [on her husband's application] and refused to issue a final decision on this case."[3] *Id.* ¶ 20.

---

[1] In considering a motion to dismiss for failure to state a claim, as is the case here, "a court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff[.]" *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).

[2] Plaintiff does not state in her briefing what a Form DS-5535 is. Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of a U.S. Embassy website describing Form DS-5535 as the Supplemental Questions for Visa Applicants Form. Form DS-5535 Supplemental Questions for Visa Applicants, https://dj.usembassy.gov/ds5535/ (last visited Jan. 17, 2025).

[3] Despite this allegation, in a subsequent filing, Plaintiff alleged that "Defendants issued a temporary 'refusal' in Plaintiff's spouse visa case and requested more information following the interview." *See* Dkt. 26 at 3.

Plaintiff also alleges that her spouse's visa application is being delayed under the Controlled Application Review and Resolution Program ("CARRP") because he is from a predominantly Muslim country. She further claims that the Department of Homeland Security ("DHS") uses CARRP to "intentionally delay[] the applications of applicants such as Marouane Charif due to security concerns." *Id.* ¶ 27. Thus, Plaintiff asserts that Mr. Charif's application "has been in administrative processing beyond a reasonable time period for completing administrative processing of their visa application" such that Defendants have failed to "adhere to their legal duty to avoid unreasonable delays under the [Immigration and Nationality Act ("INA")]." *Id.* ¶¶ 33-34.

On February 14, 2024, Plaintiff filed this civil action, requesting that this Court issue a writ of mandamus compelling Defendants to adjudicate her spouse's visa application. *See* Dkt. 1. The Complaint asserts two claims: (1) that USCIS unlawfully withheld and unreasonably delayed the adjudication of her husband's application in violation of the APA; and (2) that delay and withholding violated her Constitutional Due Process rights to have her husband's visa application adjudicated. Compl. ¶¶ 24-25, 38.

On April 16, 2024, Defendants filed their Motion to Dismiss for Lack of Jurisdiction (Dkt. 15), Motion to Dismiss for Failure to State a Claim (Dkt. 16), and Motion for Summary Judgment (Dkt. 17). Plaintiff filed her opposition to the motions (Dkt. 22) on May 14, 2024. On May 20, 2024, Defendants filed their reply (Dkt. 23). On July 11, 2024, this Court issued a Show Cause Order (Dkt. 25) directing Plaintiff to show cause as to why her claims should not be dismissed under the Supreme Court's recent decision in *Department of State v. Munoz*, 602 U.S. 899 (2024). On July 24, 2024, Plaintiff complied and filed her response (Dkt. 26). On August 16, 2024, Defendants filed their response (Dkt. 29). The parties have waived hearing on the motions. Thus, the matter is fully briefed and ripe for disposition.

3

## II. LEGAL STANDARD

### A. 12(b)(1) Motion to Dismiss

Federal district courts are courts of limited subject matter jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Under Federal Rule of Civil Procedure 12(b)(1), a defendant may raise the defense that the court lacks subject matter jurisdiction to hear the claim. Typically, when a defendant challenges subject matter jurisdiction factually, the plaintiff carries the burden of proving that jurisdiction is proper by a preponderance of the evidence. *See United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009). "In determining whether subject matter jurisdiction exists, the court must evaluate the allegations in the complaint as 'mere evidence,' and so may consider evidence outside the pleadings without converting the motion challenging jurisdiction into a summary judgment motion." *Richmond, Fredericksburg & Potomac R. R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

### B. 12(b)(6) Motion to Dismiss

To survive a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a complaint must set forth "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility requirement mandates that a plaintiff "demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). Accordingly, a complaint is insufficient if it relies upon "naked

assertions" and "unadorned conclusory allegations" devoid of "factual enhancement." *Id.* (citing *Iqbal*, 556 U.S. at 679 and *Twombly*, 550 U.S. at 557).

When reviewing a motion brought under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint," drawing "all reasonable inferences" in the plaintiff's favor. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). When considering a motion to dismiss, courts are "generally limited to a review of the allegations of the complaint itself." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016).

## III. ANALYSIS

### A. Plaintiff has Article III Standing

Defendants argue that Plaintiff does not have Article III standing to challenge CARRP because she is not the visa applicant and non-citizen applicants do not have standing to bring their own claims regarding their visa applications. Dkt. 18 at 6-9. Plaintiff counters that "as [a] U.S. citizen she has a protected liberty interest in [her] relative's status that gives rise to a right to constitutionally adequate procedure in the adjudication of their visa application." Dkt. 22 at 10. However, Plaintiff's argument conflates the Article III standing inquiry with the merits of her due process claim.

To have Article III standing, a plaintiff must allege that they have suffered (1) an "injury in fact" (2) "fairly traceable" to Defendants' challenged conduct which is (3) "likely to be redressed by a favorable decision." *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). The Supreme Court has already held that "a United States citizen's 'interest in being united with his relatives is sufficiently concrete and particularized to form the basis of an Article III injury in fact.'" *Id.* (quoting *Trump v. Hawaii*, 585 U.S. 667, 698 (2018)). Similarly, the Supreme Court could not have reached the merits of *Munoz*, if the plaintiff, the spouse of a visa

5

applicant, did not have Article III standing. *See Berenjian v. Blinken*, No. 1:24-cv-663, 2024 WL 3732451, at *2 (E.D. Va. Aug. 8, 2024) (finding that the plaintiff had standing to bring his delay based claims). Another court in this district also reached the merits of similar plaintiffs' claims challenging some aspect of their spouse's visa application process, which necessarily means that there was standing. *See e.g., Ameen v. United States Department of State*, No. 1:23-cv-1397, 2024 WL 3416264 (E.D. Va. July 15, 2024).

Here, this Court finds that Plaintiff has suffered an injury-in-fact which is fairly traceable to Defendants' conduct because Plaintiff is challenging USCIS's application of CARRP to delay her spouse's visa application and seeking to compel USCIS to make a final decision on the application. If this Court ruled in Plaintiff's favor, USCIS's delay or failure to adjudicate the application would be redressed. Therefore, this Court finds that Plaintiff has Article III standing.

### B. Plaintiff Cannot State a Due Process Claim

Even if there is standing, Defendants argue that Plaintiff still fails to state a claim as a matter of law because Plaintiff does not have a due process interest in the adjudication of her husband's visa application. This Court agrees. In *Department of State v. Munoz*, the Supreme Court held "a citizen does not have a fundamental liberty interest in her noncitizen spouse being admitted to the country." 602 U.S. 899, 909 (2024).

Despite *Munoz*, Plaintiff insists that she maintains constitutional due process rights in the adjudication of her spouse's visa application and that "[Defendant's] inaction has…irrevocably harmed her by causing a loss of consortium, separation, and immense hardship, among other things." *See* Dkt. 26 at 1, 4. Plaintiff attempts to distinguish her case from *Munoz* by highlighting that she does not demand that a visa be issued to her husband, only that USCIS *adjudicate* his application. *See* Dkt. 26 at 4. Defendants argue that this is a distinction without a difference

6

because "[i]f Plaintiff has no liberty interest in her spouse being admitted, it follows that she in turn cannot have a liberty interest in her spouse's application being adjudicated." Dkt. 29 at 4.

In determining that a spouse has no substantive or procedural due process rights in their non-citizen spouse's admission to the country, the Supreme Court did not explicitly decide whether a spouse may nonetheless have such rights in the mere adjudication of their non-citizen spouse's visa application. 602 U.S. at 909, 919. The same reasoning clearly applies. If the burden of not living with one's spouse cannot compel *admittance* to the country, how can that same burden suffice to compel adjudication. It cannot. Therefore, Plaintiff cannot state a due process claim. *See Ameen*, 2024 WL 3416264, at *4 ("Under *Muñoz*, Ameen cannot state a due process claim because she does not have a constitutionally protected liberty interest in her spouse obtaining a visa."). Accordingly, Plaintiff's due process claim is dismissed under Rule 12(b)(6).

### C. This Court Lacks Jurisdiction over Plaintiff's APA and Mandamus Claim

Finally, the Court turns to Plaintiff's APA and mandamus claims. Here, Defendants argue that the Court lacks subject matter jurisdiction over these claims because Plaintiff has not identified a discrete agency action that Defendants failed to take.[4]

The APA authorizes courts to compel agencies to "take a *discrete* agency action" which has been "unlawfully withheld or unreasonably delayed" and which "it is *required to take*" *Gonzalez v. Cuccinelli*, 985 F.3d 357, 365-66 (4th Cir. 2021); 5 U.S.C. § 706(1). To state a claim under the Mandamus Act, a plaintiff has to establish: "(1) a clear and indisputable right to relief, (2) that the government agency or official is violating a clear duty to act, and (3) that no adequate

---

[4] Defendants also argued that Plaintiff's APA and mandamus claim should be dismissed on 12(b)(6) grounds under the doctrine of consular non-reviewability. Dkt. 18 at 13-16; *see, e.g., Ameen*, 2024 WL 3416264, at *2 n.5 (citing *Munoz*, 602 U.S. at 908 n.4). Because the Court finds that it lacks jurisdiction, it is not necessary to address this argument.

7

alternative remedy exists." *Allied Chem. Corp v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980). This clear duty to act is jurisdictional. *See Berenjian*, 2024 WL 3732451, at *4 (E.D. Va. Aug. 8, 2024) (citing *American Hosp. Assoc. v. Burwell*, 812 F.3d 183, 189 (D.C. Cir. 2016)). In any event, "[t]he standard for obtaining relief under § 706(1) is the same as the standard for obtaining mandamus." *Hyatt v. U.S. Pat. & Trademark Off.*, 146 F. Supp. 3d 771, 781 n.25 (E.D. Va. 2015). Thus, in order to obtain relief under either standard, a plaintiff must identify "a *discrete* agency action that [the agency] is *required to take*." *Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004).

Although Plaintiff does not state whether the consular officer communicated the refusal at Mr. Charif's interview on the face of her Complaint, the Court takes judicial notice of the Consular Electronic Application Center indication that Mr. Charif's application has been refused pursuant to Federal Rule of Evidence 201.[5] Plaintiff does not expressly dispute that her spouse's application was refused, but rather, insists that this refusal was not final.[6] *See* Compl. ¶ 20 ("Since that time, the agency has not taken any further action and refused to issue a final decision on this case."); Dkt. 22 at 18, 20; Dkt. 26 at 3 (referring to a "temporary 'refusal'"). The relevant regulations dictate that "a consular officer must either issue the visa [or] refuse the visa under INA 212(a) or 221(g) or other applicable law..." and provide that "[i]f a visa is refused...the applicant [may] adduce[] further evidence...to overcome...the refusal...." 22 C.F.R. § 42.81(a), (e). Simply put, "consular officers have no authority to temporarily refuse, suspend, or hold the visa for future

---

[5] Visa Status Check, Consular Electronic Application Center, U.S. Dep't of State, https://ceac.state.gov/CEACStatTracker/Status.aspx (search "CSB2023646011") (last visited Dec. 17, 2024).

[6] Although Plaintiff refers to the refusal as temporary in her Response to this Court's Order to Show Cause, Plaintiff has not challenged the accuracy of the refusal attached in Defendants' exhibits. Dkt. 26 at 3. Plaintiff could have done so in her response to this Court's Order to Show Cause.

action." *Ramizi v. Blinken*, 2024 WL 3875041, at *8-9 (E.D.N.C. Aug. 14, 2024) (finding that the State Department fulfilled its nondiscretionary duty to adjudicate the application of one of the plaintiff parents when it refused the visa).

Plaintiff asserts that she seeks a final adjudication of her spouse's visa application and cites much out of circuit authority holding that USCIS has a non-discretionary duty to adjudicate applications in a timely manner under Section 555(b) of the APA. *See* Dkt. 22 at 15-16. Defendants argue that this provision does not impose a clear duty to re-adjudicate a previously refused visa application. *See* Dkt. 18 at 11. This Court agrees with Defendants. The rulings in *Ramizi*, *Berenjian*, and *Ameen* demonstrate that an initial refusal satisfies the government's obligations with respect to the application. *See* 2024 WL 3875041, at *8-9; 2024 WL 3732451, at, *3; 2024 WL 3416264, at *3. The agency's initial refusal "is consistent with visa statutes and regulations." *Ameen*, 2024 WL 3416264, at *3.

This Court finds an initial refusal is an adjudication for purposes of APA or mandamus review. Here, since USCIS has at least initially refused Plaintiff spouse's visa application, USCIS has adjudicated the application. Therefore, the agency has fulfilled any mandatory procedures or clear non-discretionary duty to act.[7] The agency has discretion to make a determination as to *whether* a visa will be issued in connection with an application. The agency's non-discretionary duty to act is to adjudicate an application, which may result in issuing a visa or refusing one. *See Ramizi*, 2024 WL 3875041, at *8, *10 ("[A consular officer's] course of action is binary: issue or refuse.... Defendants discharged their nondiscretionary duty to adjudicate [p]laintiff Hossein's

---

[7] To the extent Plaintiff argues that Section 555(b) imposes a discrete, non-discretionary duty on Defendants to adjudicate Mr. Charif's visa application, as discussed above, his application has already been adjudicated. Additionally, Section 555(b) "applies to *every* agency action" and thus, as a general directive, cannot "impose a discrete, nondiscretionary duty on Defendants to take further action on [his] application." *See Ramizi*, 2024 WL 3875041, at *10.

visa application when the consular officer refused it after the interview."). In other words, Plaintiff does not identify "any mandatory procedures which Defendants have failed to follow." *Ameen*, 2024 WL 3416264, at *3. "[T]he possibility of reconsideration of a refusal does not mean that the refusal was not a refusal." *Ramizi*, 2024 WL 3875041, at *10. Because the agency has fulfilled its clear non-discretionary duty to act since it has, indeed, issued *a* refusal, this Court has no "jurisdiction over Plaintiff's claims for mandamus." *Id.*

Therefore, because Plaintiff has failed to state a due process claim upon which relief may be granted and because this Court lacks jurisdiction to hear the APA and mandamus claims, Plaintiff's Complaint is dismissed.

For the reasons stated above, it is hereby

**ORDERED** that Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. 15) is **GRANTED**; and it is further

**ORDERED** that Defendants' Motion to Dismiss for Failure to State a Claim (Dkt. 16) is **GRANTED**; and it is further

**ORDERED** that Defendants' Motion for Summary Judgment (Dkt. 17) is **DENIED** as moot.

Entered this 13th day of February, 2025.
Alexandria, Virginia

/s/
Patricia Tolliver Giles
United States District Judge